**In the Matter of the Arbitration Between**

**SOCIEDAD ARMADORA ARISTOMEN-IS PANAMA, S.A., as Owner of the S.S. ARISTIDIS, Petitioner,**

**and**

**UNION DES CONSOMMATEURS DE FERRAILLES DE FRANCE, Respondent.**

United States District Court S. D. New York.

Jan. 8, 1965.

Healy, Baillie & Burke, New York City, for petitioner, Alfred A. Meyer, New York City, of counsel.

Dow & Stonebridge, New York City, for respondent, Daniel L. Stonebridge, New York City, of counsel.

PALMIERI, District Judge.

This is a motion to compel arbitration of a claim in the sum of $1,189.13, pursuant to the terms of a charter party dated February 1, 1957. 9 U.S.C. § 4. The charter covered one voyage which was completed in April, 1957. The claim is based upon alleged stevedore damages caused to the vessel during the period of the charter party. Petitioner alleges that disputes arose "with respect to the said contract of charter party" and "thereafter * * *, on September 30, 1964, made demand upon Respondent for arbitration * * *."

It is apparent from the papers before me that petitioner has waited about seven years before demanding arbitration. The claim was the subject of correspondence in 1959 and 1960 when respondent advised petitioner that without some proof of fault of the stevedores, it was unable to consider the matter further. Petitioner did not answer this letter for about three years and in 1963 the respondent took the position that the claim was time-barred. During this interval the right of respondent to seek recovery over from the stevedores, whose negligence allegedly caused the damage, was barred by the statute of limitations.

The petitioner has not asserted any unusual conditions or extraordinary circumstances excusing its delay. The petitioner, citing Reconstruction Fin. Corp. v. Harrisons & Crosfield, Ltd., 204 F.2d 366, 37 A.L.R.2d 1117 (2d Cir.), cert. denied, 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368 (1953), asserts it can demand arbitration at any time, and that whether laches constitutes a bar is a matter for the arbitrators to determine. Petitioner urges further that, since its cause of action for breach of the obligation to arbitrate did not arise until there had been a demand and refusal to arbitrate, its cause of action on its right to arbitrate did not accrue until October 19, 1964, when respondent rejected the formal demand for arbitration made on September 30, 1964.

These contentions are unsound. What they suggest is that the party to an arbitration can pick his own time to arbitrate regardless of the surrounding circumstances or the prejudice ensuing from the delay. While the Court in Reconstruction Fin. Corp. v. Harrisons & Crosfield, Ltd., supra, held that a cause of action for breach of a contractual obligation to arbitrate did not accrue until request for arbitration was made, the Court nevertheless explicitly approved of the application of the rule of laches in appropriate circumstances. "Laches may be operative with respect to the obligation to arbitrate although with respect thereto the statute has not run." Id. at 370. Cf. Nortuna Shipping Co. v. Isbrandtsen Co., 231 F.2d 528 (2d Cir.), cert. denied, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956).

In this instance the petitioner comes forward with no explanation for the long delay in demanding arbitration, while the respondent has lost, as a result of it, the right to seek indemnity from the stevedores, the party allegedly at fault. The respondent also notes the unavailability of documents and the difficulty of unearthing witnesses who, at this late date, have any knowledge of the events. Under these circumstances, there has been substantial prejudice to the re-

spondent, and the doctrine of laches bars the petitioner from compelling arbitration.

The motion is denied.

Submit order on notice.